# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **ROBERT DOUGLAS LYLE #126159,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:16-cv-01441 |
| ) | JUDGE CRENSHAW |
| **TENNESSEE DEPARTMENT OF** ) | |
| **CORRECTION, et al.,** ) | |
| ) | |
| Defendants. | |

## MEMORANDUM AND ORDER

Plaintiff Robert Douglas Lyle, a convicted state prisoner incarcerated in the Montgomery County Jail in Clarksville, Tennessee, has filed this *pro se* civil rights action under 42 U.S.C. § 1983 (Doc. No. 1), along with an application to proceed in district court without prepaying fees and costs. (Doc No. 2) The case is before the Court for a ruling on the application and for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### A. Application to Proceed as a Pauper

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee of $350 required by 28 U.S.C. § 1914(a). Because it is apparent from Plaintiff's submission that he lacks the funds to pay the entire filing fee in advance, his application to proceed as a pauper (Doc. No. 2) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff is nonetheless assessed the $350.00

civil filing fee. The administrator of the Montgomery County Jail, as custodian of Plaintiff's prison trust account, is **DIRECTED** to submit to the clerk of court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the clerk of court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the administrator of the Montgomery County Jail to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the Warden must ensure that a copy of this order follows Plaintiff to his new place of confinement, for continued compliance herewith. All payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

  **B.**  **Initial Review of the Complaint**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed *in forma pauperis*, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M &

G Polymers, USA, LLC, 561F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." Tahfs v. Proctor, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

In this case Plaintiff has not specified which constitutional right he believes has been violated, but his factual allegations focus on the fact that conditions in the Montgomery County Jail are not the same as those in which he would be confined if he were in a Tennessee Department of Correction (T.D.O.C.) Facility. Specifically, Plaintiff alleges that: the jail does not provide outside recreation space, exercise programs or exercise equipment; recreation space is limited; inmates only have access to fresh air three days a week; and he does not have access to T.D.O.C. programs, counselors and parole officers. (Doc. No. 1, at 7–8.) Plaintiff alleges that he is one of 175–200 convicted inmates who should be in T.D.O.C. custody but are instead in the local jail, and that holding T.D.O.C.-sentenced inmates in jail for more than 180 days violates Tennessee law. (Doc. No. 1, at 8–9.) Plaintiff states "I need to be transfer[red] at once" and that Governor Haslam needs to make the Montgomery County Sheriff and the T.D.O.C. Commissioner start

3

transferring T.D.O.C. inmates to prison (Doc. No. 1, at 9), but his formal "relief requested" is simply to have the same programs, parole officers, counselors, policies and procedures as those provided in T.D.O.C. prisons. (Doc. No. 1, at 10)

Plaintiff's allegations fail to state a claim for violation of any constitutional right. The Eighth Amendment only prohibits conditions of confinement that involve "the wanton and unnecessary infliction of pain," that are "grossly disproportionate to the severity of the crime," or that result in the denial of the "minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). "But conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. Rather, to violate the constitution, the alleged conditions must result in the deprivation of a basic human need, such as food, warmth, or exercise. Wilson v. Seiter, 501 U.S. 294, 304 (1991). In other words, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir. 1987).

With regard to Plaintiff's claim about the limited exercise or recreation facilities at the jail, the Court reads the Complaint to allege that inmates are permitted to go outside for "fresh air" three days a week, weather permitting. (See Doc. No. 1, at 8 ("inmates at the Montgomery County Jail have access to fresh air only three days a week if it doesn't rain").) Although "[t]he Sixth Circuit, applying Supreme Court precedent, has recognized that outdoor recreation, in some undefined form and amount, is necessary for inmates' well-being," Jones v. Stine, 843 F. Supp. 1186, 1193 (W.D. Mich. 1994) (citing Walker v. Mintzes, 771 F.2d 920, 927–28 (6th Cir. 1985)), there is no applicable precedent requiring any minimum amount of outdoor recreation for

prisoners. See Argue v. Hofmeyer, 80 F. App'x 427, 430 (6th Cir. 2003) (observing that the Sixth Circuit has never set a minimum amount of outdoor time for inmates). The Sixth Circuit has held simply that "'a total or near-total deprivation of exercise or recreational opportunity, without penological justification,'" impinges on an inmate's Eighth Amendment right, because "'[i]nmates require regular exercise to maintain reasonably good physical and psychological health.'" Rodgers v. Jabe, 43 F.3d 1082, 1086 (6th Cir. 1995) (quoting Patterson v. Mintzes, 717 F.2d 284, 289 (6th Cir. 1983)). This court and others in this circuit and elsewhere have dismissed numerous claims of lack of outdoor recreation for failure to state a claim. E.g., Anderson v. Rutherford Cty. Jail, No. 3:15-CV-01016, 2015 WL 7283165, at *3 (M.D. Tenn. Nov. 16, 2015) (dismissing claim of lack of outdoor recreation or sunlight where "the plaintiff does not claim that he is denied all opportunity for recreation or physical activity sufficient to maintain reasonably good health, nor does he allege any detriment to his health resulting from being required to exercise indoors rather than outdoors"); Park v. Morgan, No. 1:15-cv-182, 2015 WL 1637168, at *2–3 (S.D. Ohio April 10, 2015) (collecting cases and dismissing claim that 60-day recreation restriction, preventing plaintiff from receiving fresh air or sunlight, violated 8th Amendment); Pastorious v. Romer, No. 96–1126, 1996 WL 528359, at *1 (10th Cir. Sept. 17, 1996) (affirming the district court's dismissal of an action as frivolous where the inmate alleged he was denied fresh air and direct sunlight), cert. denied, 520 U.S. 1199 (1997); Richard v. Reed, 49 F.Supp.2d 485, 487 (E.D .Va. 1999) (dismissing prisoner's complaint that he did not get any direct exposure to sunlight because of prison's requirement that all recreational and other activities take place indoors), aff'd, No. 6783, 1999 WL 651846 (4th Cir. Aug. 26, 1999). Because Plaintiff acknowledges that he has some opportunity to engage in recreation or exercise several days a week, and does not allege that the limitations on that opportunity have caused him to suffer any adverse effects, his allegations

5

about recreation fail to state a claim for which relief can be granted.

As to Plaintiff's claims about his lack of access to programs and resources that would be available if he were housed in a T.D.O.C. facility rather than a local jail, inmates do not have a constitutionally protected liberty interest in prison vocational, rehabilitation, or educational programs based on the Fourteenth Amendment. See, e.g., Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976) (Due Process Clause not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"); Argue v. Hofmeyer, 80 F. App'x 427, 429 (6th Cir.2003) ("Prisoners have no constitutional right to rehabilitation, education, or jobs."). Thus, Plaintiff's claim for alleged denial of vocational, educational or other rehabilitative services fails to state a claim under the Eighth and Fourteenth Amendments. See Carter v. Morgan, 142 F.3d 432 (Table), 1998 WL 69810, at *2 (6th Cir. Feb.10, 1998) (no constitutional right to educational classes).

Because prisoners lack a right to educational, vocational or rehabilitative services, any equal-protection claim that could be inferred from the Complaint fails to state a claim for relief. Hampton v. Hobbs, 106 F.3d 1281, 1286 (6th Cir.1997). Plaintiff's status as a convicted prisoner in a county jail with access to fewer rehabilitative programs than convicted prisoners in a state prison, does not create "suspect class" for this claim. See id. (a prisoner's classification does not implicate a fundamental right); Caderno v. Thorns, 50 F. App'x 200, 201 (6th Cir. 2002) ("Inmates have no right to be housed in a particular institution or a particular part of an institution.") (citing Meachum v. Fano, 427 U.S. 215, 225 (1976)). See also Carter, 1998 WL 69810, at *2 (noting that a "claim of being treated differently from other inmates with regard to participation in the outside educational opportunities has no constitutional underpinnings").

Accordingly, this action is **DISMISSED** for failure to state a claim for which relief can be

granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

Entry of this Order constitutes the judgment in this action.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE